## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**MARIETTA T. NICHOLS,**

    Plaintiff,                              Case No.3:21-cv-00905

v.

**F&F MANAGEMENT INC.,**

    Defendant.

_____/

## COMPLAINT

**NOW COMES** MARIETTA T. NICHOLS ("Plaintiff"), by and through her attorneys, complaining as to the conduct of F&F MANAGEMENT INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's State law FCCPA claim.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail, telephone, and credit reporting, including consumers in the State of Florida.

6. Defendant's principal office is located at 1492 W. 6th St., Suite M, Corona, California, Defendant is in the business of collecting consumer debts for others throughout the United States, including in Florida.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigned, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. On or Around May 1, 2021, Plaintiff reviewed her credit report and observed that F&F Management was reporting for a HSBC credit card ("subject debt").

9. Plaintiff was uninformed of the HSBC account, believed that the account was not hers, and immediately contacted TransUnion to dispute the trade line.

10. Following her dispute with TransUnion, Plaintiff submitted a complaint, regarding the account, to the Consumer Financial Protection Bureau.

11. Plaintiff received the dispute results from TransUnion that claimed the trade line was accurately reporting.

12. Unsatisfied with TransUnion's barren response, Plaintiff place a call July 27, 2021 to Defendant, F&F Management, to inquire more about the alleged subject debt.

13. While speaking with Defendant, F&F management, Plaintiff was told that the alleged subject debt originated from a retail store on August 12, 2002.

14. Plaintiff has not made any payments towards the alleged subject debt and she was not familiar with this account vested with Defendant. Based on Defendant's representations of the debt, the alleged subject debt falls outside the statute of limitation for a consumer debt.

15. Unfamiliar with the outdated account, Plaintiff requested that Defendant provide validation for the alleged subject debt.

16. Defendant refused to provide Plaintiff validation regarding the subject debt and demanded that Plaintiff make an immediate payment.

17. Plaintiff was prevented from viewing the validity of the alleged subject debt, therefore she could not sensibly make a decision of how to deal with the alleged debt.

18. Adding insult to injury, Defendant began to accost Plaintiff stating: "Do you not care about your credit? Somehow, someway, we are going to get our money. You got your Equinox. We are going to garnish you."

19. Plaintiff now fears that Defendant will further damage her credit and garnish wages, leaving her distraught and worried.

20. As of today's date, Defendant has not made any updates to Plaintiff's credit report detailing her dispute on the July phone call and continues to report outdated, inaccurate, and materially misleading information to one or more third parties.

## DAMAGES

21. As of today, Defendant's erroneous reporting of the subject debt continues to paint a false and damaging image of Plaintiff. Defendant has yet to delete or update the subject trade line to report accurately.

22. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward financially.

23. The inaccurate and misleading reporting of subject debt continues to have significant adverse effects on Plaintiff's credit rating and severely affects her ability to obtain financing because it creates a false impression that Plaintiff is delinquent on the subject debt, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail, credit reporting, and the telephones to collect delinquent accounts allegedly owed to a third party.

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt

28. Moreover, Defendant is a "debt collector[s]" because they acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

29. Defendant violated 15 U.S.C. §1692d, e, e(2), e(4), e(5), e(8), e(10), and f through its unlawful debt collection practices.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### Violations of FDCPA §1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by making false threats that Defendant would repo her property, and wage garnishment if Plaintiff failed to pay the alleged debt.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**Violations of FDCPA §1692e**

30. Defendant violated §§1692d, e, e(2), e(4), e(5), e(8) and e(10) when they used false, deceptive, and misleading means in connection to the alleged subject debt.

31. Defendant §1692e(2) through and misleading false means in connection with the alleged debt. Defendant mischaracterized the character the legal status of the alleged debt when it attempted to collect on a debt that is not owed by Plaintiff.

32. Moreover, Defendant violated §1692e(2) when they told Plaintiff that legal action would be taken against Plaintiff if she failed to pay the alleged debt she does not owe.

33. Defendant knew or should have known that the legal status of the debt was beyond the statute of limitations as they reported the alleged debt, stemmed from August 12, 2002, and therefore would make Defendant unable to take legal action against the Plaintiff.

34. Defendant violated §1692e(4) when they threatened wage garnishment and repossession of property against the Plaintiff if she failed to pay the alleged debt she does not owe.

35. Defendant violated §1692e(5) when threatening to take action that cannot legally be taken or that is not intended to be taken when Defendant told Plaintiff that failure to pay will result in wage garnishment.

36. Defendant does not intend and cannot legally take action on a debt that is beyond the statute of limitations. Furthermore, the Plaintiff does not owe the alleged

debt, making the Defendant unable to bring legal action against the Plaintiff to collect on the alleged debt.

37. Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the subject debt to Plaintiff. Defendant knew or should have known that Plaintiff requested validation for she was without knowledge of the subject debt. Following Plaintiff's request, Defendant refuse to provide validation for the alleged debt.

38. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agency, that the subject debt was disputed by Plaintiff. Plaintiff communicated to Defendant that she does not owe the subject debt, yet Defendant failed to notate the subject debt as disputed.

39. Defendant violated §1692e(10) by using false representation and deceptive means to collect on the alleged debt when Defendant told Plaintiff that repossession of property and wage garnishment will be taken if Plaintiff fails to make a payment toward a debt she does not owe.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**Violations of FDCPA §1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated 15 U.S.C. §1692f when it unfairly sought to take advantage of Plaintiff's lack of knowledge of the Statute of Limitations on suing on a debt. Defendant sought to unfairly exploit Plaintiff to possible litigation by inducing her to

make a payment on the subject debt and renewing the Statute of Limitations to sue on the subject debt. Plaintiff could go about paying the subject debt yet ultimately be exposed to legal consequences. Defendant's conduct is inherently unfair and unconscionable under the FDCPA.

42. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt without advising Plaintiff that payment would result in the revival of the statute of limitations.

43. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff MARIETTA T. NICHOLS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
d. Award any other relief as the Honorable Court deems just and proper.

**COUNT IV – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

46. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

47. At all times relevant to this action Defendants are subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

48. At all times relevant to this Complaint, Defendants were and are a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

49. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

50. Defendants violated section 559.72(7) of the FCCPA through its unlawful conduct.

   **a. Violations of the FCCPA § 559.72(7)**

51. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct, which can reasonably be expected to abuse or harass the debtor.

52. As mentioned, Defendant acted in a harassing and abusive manner when it made false threats of repossessing her property, further damages to her credit and wage garnishment if Plaintiff failed to pay the alleged debt.

53. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that most reasonably expect to be abusive and harassing.

**WHEREFORE**, Plaintiff MARIETTA T. NICHOLS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FCCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under the FCCPA; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 9, 2021

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq., Of Counsel
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com